IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ANGELO RICKETT,

    Petitioner,                       No. CIV S-02-2558 GEB PAN P

    vs.

CLAUDE E. FINN, et al.,

    Respondents.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner, without counsel, seeking a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent answered.

        December 10, 1998, pursuant to a plea agreement, petitioner entered a plea of no contest to and was convicted of assault with a deadly weapon. See Cal. Pen. Code § 245(a)(1). Petitioner admitted that he personally inflicted great bodily injury and that he previously had been convicted of a serious felony. Petitioner moved to withdraw his plea upon the ground he discovered a witness who could give exculpatory testimony. The trial court denied the motion and sentenced petitioner to nine years in prison.

        Petitioner appealed. The appellate court affirmed the judgment in a reasoned opinion.

        Petitioner filed a petition for review in the California Supreme Court. The court denied review.

1

Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court.  The court summarily denied relief.

The following facts are taken from the state appellate court's opinion:

On May 22, 1998, the victim and his girlfriend were leaving the Wallace Theatre in South Lake Tahoe around midnight when they discovered the windshield of his car had been shattered.  As the victim's girlfriend went to call the police, the victim saw [petitioner] and a companion (Currington) standing in a wooded area just beyond his car.  He asked if they had seen anyone around his car, and Currington immediately became hostile, walking toward the victim and asking him if he "wanted a piece of me."  The victim told Currington he did not and that he only wanted to know who damaged his car.

At that point, according to the victim, Currington punched him in the face, and they fell to the ground in a struggle.  As they fought, the victim saw [petitioner] pouring out the contents of a 40-ounce beer bottle.  Shortly after, the victim was struck in the head with a bottle.  Currington then stood up, and both Currington and [petitioner] began kicking the victim while he was on the ground.  Eventually, Currington and [petitioner] fled into the wooded area behind the theater, and the victim saw his girlfriend standing over him.

[Petitioner] was arrested a short distance from the scene and was positively identified by the victim.  [Petitioner] gave the police conflicting versions of the incident.  [Petitioner] first told the investigating officer that he and Currington were taking a shortcut home after drinking beer at a friend's house when the victim challenged them to a fight.  [Petitioner] claimed the victim threw a beer bottle at him, hitting him in the chest and knocking him down.  [Petitioner] further claimed that he got up and ran into the woods and did not see Currington fighting with the victim.  Later, [petitioner] told another officer that he and Currington, whom he had only just met, were near the rear of the theater when the victim attacked them, hitting [petitioner] in the head with a beer bottle and accusing him of "messing" with the victim's car.  [Petitioner] claimed the victim's girlfriend also attacked him.  No sign of injury was found on [petitioner].

Ultimately, [petitioner] and Currington were charged in a first amended information with burglary (for breaking into the victim's car), assault with a deadly weapon, and vandalism.  The information also alleged that both [petitioner] and his co-defendant had personally inflicted great bodily injury on the victim within the meaning of Penal Code section 12022.7 and that [petitioner] had a prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (b) through (I).

In December 1998, on the eve of trial, petitioner agreed to plead no contest to the assault charge, admit the great bodily injury enhancement allegation, and admit the prior

1 conviction, in exchange for dismissal of the burglary and vandalism charges and a promise of no
2 more than nine years in prison. Petitioner was fully advised of his rights in connection with his
3 no contest plea and waived them on the record.

4 In February 1999, before sentencing, petitioner moved to withdraw his no contest
5 plea because he claimed to have found a new witness he believed was exculpatory. At a hearing
6 in March, the witness (Vlaminck), who was an acquaintance of petitioner, testified he had seen
7 the fight in the Wallace Theater parking lot in May 1998. Vlaminck testified he was making a
8 telephone call nearby when he saw two men fighting on the ground. He also saw petitioner,
9 whom he recognized, standing to the side with a girl who was standing in front of him, keeping
10 him out of the fight. Petitioner had a 22-ounce bottle in his hand. Vlaminck heard the girl say
11 the cops were coming and saw petitioner and one of the men who were fighting run off.
12 Vlaminck did not see petitioner strike anybody with a bottle, but he also did not see the fight
13 begin.

14 After hearing Vlaminck's testimony and argument from both sides, the trial court
15 denied petitioner's motion to withdraw his plea. In explaining its decision, the court stated: "It
16 seems to me that the plea was intelligently made, voluntarily made. Mr. Rickett knew the
17 charges. He knew the consequences. He knew whether or not he was involved in this offense.
18 And this witness shows his involvement in some ways. So based on that, the motion to withdraw
19 will be denied."

20 This court cannot grant habeas relief unless the state court's adjudication resulted
21 in a decision that was contrary to or an unreasonable application of federal law as clearly
22 established by the United States Supreme Court or in a decision that was based on an
23 unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1), (2).

24 When a petitioner "challenges the state court's findings based entirely on the state
25 record," a federal court must first determine whether the adjudication resulted in a decision based
26 on an unreasonable determination of the facts. Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.

2004). A state court's determination is unreasonable if the court failed to make a factual finding when it should have, the state court's factual finding is made under an incorrect legal standard or when the fact-finding process is defective. Taylor, 366 F.3d 999. If a federal court finds the state court's determination is reasonable, the court must presume it is correct, although the determination may be rebutted by clear and convincing evidence. Id. at 999-1000; 28 U.S.C. § 2254(e)(1).

Where the state court summarily denies relief without comment, the district court will look to the last reasoned state decision on the issue. Ylst v. Nunnemaker, 501 U.S. 797 (1991). If none exists, the district court must independently review the record to determine whether the state ruling was contrary to or an unreasonable application of clearly established federal law. Delgado v. Lewis, 223 F.3d 976, 981-82 (9th Cir. 2000).

Petitioner claims his no contest plea was involuntary because he made it while ignorant of a witness who would have testified favorably at trial.

The appellate court determined the plea was voluntary because ignorance of a witness' existence is not the kind of mistake that could overcome the free exercise of his judgment in deciding to enter a no contest plea.

A guilty plea must be knowing, intelligent and voluntary and so it is void if induced by threats, misrepresentation or prosecutorial promises. Brady v. United States, 397 U.S. 742, 748 (1970). A federal habeas petitioner who entered a counseled plea may not challenge it on the basis he was deprived of independent constitutional rights. Tollett v. Henderson, 411 U.S. 258, 267 (1973). He may only challenge its voluntariness by showing counsel's assistance with regard to the plea's entry fell below the level of competence required by the Sixth and Fourteenth Amendments. Tollet, 411 U.S. at 267; Lambert v. Blodgett, 393 F.3d 943, 979 (9th Cir. 2004). Accordingly, a petitioner must identify specific acts or omissions that cannot be said to have been the result of reasonable professional judgment and that but for counsel's errors, he would have gone to trial and there is a reasonable probability he would have

been acquitted.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Strickland v. Washington</u>, 466 U.S. 668, 960 (1984).

   Petitioner makes no allegation trial counsel could have found this witness through reasonable investigation or that counsel's failure to do so was not a reasonable tactical decision.

   The state court's determination is not an unreasonable determination of the facts in light of the evidence presented.  That determination is presumed correct and petitioner has not rebutted it by clear and convincing evidence.

   Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 17, 2006.

              *[signature]*
              UNITED STATES MAGISTRATE JUDGE

7
\rick2558.fr hc